**FILED**
**Jun 18, 2021**
**10:32 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **LISA MILLSAPS,** | ) | **Docket No. 2020-05-0636** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **LUIS ARELLANO d/b/a/** | ) | **State File No. 39889-2020** |
| **LOS ALAMOS RESTAURANT** | ) | |
| **Uninsured Employer.** | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This case came before the Court on June 15, 2021, for a second Expedited Hearing. The issues this time are whether Ms. Millsaps is entitled to temporary disability benefits and payment of her medical bills.[1]  For the reasons below, the Court holds that Ms. Millsaps is likely to prevail at a hearing on the merits that she is entitled to additional temporary disability benefits.  However, she has not shown at this time that she is entitled to payment of her medical bills.

### History of Claim

The Court previously found Ms. Millsaps is likely to prove at a Compensation Hearing that she suffered a broken hip while working for Mr. Arellano, the owner of Los Alamos Restaurant.  Therefore, it will not restate the facts underlying that finding.

In this hearing, Ms. Millsaps provided records that show she was hospitalized after her accident from May 24 through June 1, 2020.  Records from the office of her orthopedic surgeon, Dr. Bryce Cunningham, show that she had to use a walker after she left the rehabilitation facility and was unable to return to work as a server while she had to use the walker.  A February 23, 2021 record notes that her fracture appears to be healed, but she needs a hip replacement operation to address arthritic pain that has worsened since the

---

[1] The first hearing resulted in an order requiring Mr. Arellano to provide a medical panel and treatment, as well as a small amount of temporary disability benefits.

1

accident.[2]

Ms. Millsaps testified that she cannot walk without her walker and has not worked since the accident. She believes she will be unable to return to work until she has the hip replacement. Ms. Millsaps also reported that Mr. Arellano has not provided the panel or any medical treatment. She was unable to receive assistance through the Uninsured Employers Fund for medical care and cannot afford to pay for it herself, so it is unclear whether she will ever be able to return to work.[3]

Mr. Arellano did not appear at the hearing, file any briefs, or submit any evidence.

## Findings of Fact and Conclusions of Law

For the Court to grant Ms. Millsaps's request, she must prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court previously held that Ms. Millsaps appears likely to prove a compensable injury. Therefore, the question is whether she has shown she is entitled to the additional requested benefits.

### Payment of Medical Bills

Ms. Millsaps requested payment of several newly submitted medical bills. However, even though the bills were admitted into evidence, she still must prove that any treatment not authorized by the employer is reasonable and medically necessary. *McClendon v. Food Lion, LLC,* 2014 Tenn. LEXIS 518, at *8 (Tenn. Workers' Comp. Panel July 11, 2014). The Court cannot order payment of those bills at this time because it has no expert proof of the reasonableness and necessity of her treatment. This does not prevent Ms. Millsaps from presenting the requisite proof at a later hearing.

### Temporary Disability Benefits

Ms. Millsaps also requested temporary disability benefits. To receive temporary total disability benefits, she must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. For temporary partial disability benefits, Ms. Millsaps must show that her treating physician returned her to work with restrictions that Mr. Arellano either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

---

[2] The orthopedic notes were generated by a physician assistant, but Ms. Millsaps testified that Dr. Cunningham confirmed these findings and recommendations with her.

[3] The Uninsured Employers Fund decisions are discretionary. *See* Tenn. Code Ann.§ 50-6-802 (e)(1).

Ms. Millsaps was in the hospital and rehabilitation facility for several days after the accident and was unable to work at that time. Therefore, she appears likely to prove entitlement to temporary total disability benefits for that period.

Once Ms. Millsaps left those facilities, Dr. Cunningham noted that, as long as she needed to use a walker, she was unable to work as a server. It appears Mr. Arellano would not or could not accommodate these restrictions, so Ms. Millsaps is likely to prevail on her claim for temporary partial disability benefits. The question then is, what is the extent of this period of disability?

Ms. Millsaps was still using the walker when she went to Dr. Cunningham's office on February 23. Therefore, the Court finds she is entitled to temporary partial disability benefits through that date. Thus, the total disability period is 276 days, minus the two days of temporary total disability awarded in the previous Expedited Hearing Order. At Ms. Millsaps's compensation rate of $193.33, 274 days of benefits is $7,567.49.

It is possible that Ms. Millsaps might be entitled to temporary disability benefits for the period since February 23. However, the record from that date says that her fracture appears to be healed, and it appears that the need for her hip replacement is related to arthritic pain. To be entitled to temporary disability for her current complaints, Ms. Millsaps must present medical proof showing an "aggravation of a preexisting disease, condition, or ailment" that constitutes an "injury" as defined in Tennessee Code Annotated section 50-6-102(14)(A). As the medical proof presented to date does not address this question, the Court cannot order additional temporary disability benefits at this time.

Finally, because Mr. Arellano was uninsured, the Court considers whether Ms. Millsaps is eligible to apply for benefits from the Bureau's Uninsured Employer's Fund. Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has *discretion* to pay limited benefits to Ms. Millsaps if she proves the following:

1) She worked for an employer who failed to carry workers' compensation insurance;
2) She suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3) She was a Tennessee resident on the date of injury;
4) She provided notice to the Bureau of the injury and of the failure of the employer to secure the payment of compensation within a reasonable period of time, but in no event more than sixty days after the date of the injury.

The Court finds that Ms. Millsaps worked for an uninsured employer, Luis Arellano, and that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily from employment on May 23, 2020. She was a Tennessee resident on that date,

3

and she provided notice to the Bureau of her injury and Mr. Arellano's lack of insurance within sixty days. Therefore, Ms. Millsaps satisfied all the requirements of section 50-6-802(e)(1). She may complete the enclosed form **for consideration of a discretionary payment** through the Uninsured Employers Fund.

*Penalty*

As noted above, Mr. Arellano has not provided a panel of physicians and medical treatment. For this blatant failure to comply with the Court's February 4, 2021 Order, the Court refers this case to the Compliance Program for investigation and assessment of a civil penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Arellano shall provide Ms. Millsaps with a panel of physicians and medical treatment made reasonably necessary by her May 23, 2020 injury under Tennessee Code Annotated section 50-6-204.

2. Mr. Arellano shall pay Ms. Millsaps temporary disability benefits in the amount of $7,567.49.

3. Ms. Millsaps satisfied the requirements of Tennessee Code Annotated section 50-6-802(e)(1) and thus is eligible to request temporary disability and medical benefits from the Uninsured Employers Fund at the *Administrator's discretion*. To do so, she must complete and file the attached form.

4. This case is set for a Status Hearing on September 1, 2021, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 18, 2021.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Lisa Millsaps
2. Medical Record and Bills
3. Exhibits admitted in the January 26, 2021 Expedited Hearing

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on June 18, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Lisa Millsaps | | X | Lisamillsaps83@gmail.com |
| Luis Arellano | | X | louivalentino@gmail.com |
| Amanda Terry | | X | Amanda.Terry@tn.gov |
| LaShawn Pender | | X | lashawn.pender@tn.gov |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*